**Corneles KUMENDONG, Petitioner**

**v.**

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 07–1659.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 2, 2008.

Filed: April 3, 2008.

Yan Wang, Law Offices of Matthew Jeon, New York, NY, for Petitioner.

Richard M. Evans, Virginia M. Lum, Patricia A. Smith, M. Lee Quinn, United States Department of Justice Office of Immigration Litigation, Washington, D.C., for Respondent.

Before: SLOVITER, STAPLETON, and COWEN, Circuit Judges.

---

OPINION

PER CURIAM.

Corneles Kumendong petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

Kumendong, a Christian and native and citizen of Indonesia, entered the United States on January 19, 2004, on an F1 student visa. He failed to comply with the terms and conditions of that status and was issued a charging document and a Notice to Appear, which alleged that he failed to maintain the conditions of the status under which he was admitted. In response, he applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure.

In denying his asylum claims, the Immigration Judge ("IJ") concluded that Kumendong had demonstrated neither past persecution nor a well-founded fear of future persecution. The IJ further found that Kumendong had not satisfied the requirements for withholding of removal pursuant to § 241(b)(3)(A) or under the CAT. The IJ did, however, grant his application for voluntary departure. On February 8, 2007, the BIA affirmed the IJ's decision.

Because the BIA adopted a portion of the IJ's decision, we will review the determinations of both the BIA and the IJ. *See Shehu v. Att'y Gen.,* 482 F.3d 652, 657 (3d Cir.2007). We will sustain their determinations if they are supported by substantial evidence in the record. *Id.* Under the substantial evidence standard, we will uphold the determinations of the BIA and the IJ "unless the evidence not only supports a contrary conclusion, but compels

it." *Zubeda v. Ashcroft,* 333 F.3d 463, 471 (3d Cir.2003) (citations omitted).

To qualify for asylum, Kumendong must be unwilling to return to Indonesia "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The fear must be both subjective and "supported by objective evidence that persecution is a reasonable probability." *Lin v. INS,* 238 F.3d 239, 244 (3d Cir.2001) (citation omitted). To obtain withholding of removal, Kumendong must demonstrate a "clear probability" that his "life or freedom would be threatened" on one of the aforementioned protected grounds. *Wang v. Gonzales,* 405 F.3d 134, 139 (3d Cir.2005); 8 U.S.C. § 1231(b)(3)(A). To obtain protection under the CAT, Kumendong must demonstrate that it is more likely than not that he would be tortured if removed to Indonesia. 8 C.F.R. § 208.16(c)(2).

Upon review of the record, we conclude that there is substantial evidence to support the denial of asylum.[1] Kumendong testified that, while attending middle school, he was teased by Muslim students who also hit him and threw stones at him. Although he reported these incidents to school officials, no actions were taken to punish the students; he did not report these incidents to law enforcement authorities. In 1998, Kumendong was involved in an anti-government demonstration where students were shot by the military. Kumendong testified that, when fleeing the demonstration, he was stopped by five Muslims who demanded to see his identification card, which stated that he was a Christian. The five Muslims began to hit him, and, although they did not draw

---

1. The BIA concluded that the IJ had not made an adverse credibility determination, and, thus, assumed that Kumendong was credible.

Accordingly, the issue of Kumendong's credibility is not before this Court.

blood, he was in great pain. Kumendong also testified that in 2003, on Christmas day, a Muslim group threw stones through the windows of a church in which he was attending a service. Several stones hit Kumendong, and one stone struck his head causing a minor laceration. Also, in December 2003, his car was stopped by a group of Muslims, who hit him several times after seeing his identification card. The IJ stated that these attacks constituted harassment, but they do not rise to the level of persecution. App. at 53. The IJ further stated that the appellant has "not met any reasonable standard to show me that the government will torture him." App. at 57. The BIA agreed, stating:

> The respondent did not establish past persecution or a well-founded fear of future persecution. The respondent concedes his family continues to reside in Indonesia, though he claims they have been threatened. *Id.* at 740–41. He also has not established a "pattern or practice" of persecution against Christians in Indonesia. 8 C.F.R. §§ 1208.13(b)(2)(iii)(A) and 1208.16(b)(2)(1).

Upon review of the record, we conclude that the determinations by the BIA and the IJ are supported by substantial evidence. None of the incidents Kumendong testified compels a contrary conclusion to the findings of the BIA and the IJ.

Furthermore, none of the incidents recounted by Kumendong establishes a well-founded fear of future persecution. Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir.2005) (quoting

*Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)). Kumendong testified that both his mother and his sister are currently residing in Indonesia, and, although, in 2004, they were threatened by Muslims on their way to church, there have been no specific threats made against them.

Given the deferential standard of review that governs, we will not disturb the decisions of the BIA and the IJ.[2]

For the foregoing reasons, we will deny Kumendong's petition for review.

---

**2.** Because we agree that Kumendong has failed to satisfy the standard for asylum, he necessarily fails to meet the standard for withholding of removal. *See Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir.2003). Furthermore, Kumendong does not allege any incidents or likelihood of torture, and, thus, cannot meet the criteria for relief under the CAT. 8 C.F.R. § 208.16(c)(2).